## THE PEOPLE *v.* ABREU.

### APPEAL from the District Court of Mayagüez.

No. 50.—Decided February 2, 1904.

APPEAL—BILL OF EXCEPTIONS.—Allegations made in the appellate court must be fully shown by the record, otherwise they will not be considered.

NEW TRIAL—ORDER.—Mere formal defects in an order refusing to grant a new trial when the form of such order is not prescribed by statute, and no substantial rights of the defendants have been prejudiced, do not constitute a sufficient ground for a reversal.

ID.—The fact that the *Fiscal* propounds an interrogatory to a witness, and the judge admits it against the objection and exception of the adverse party, is not ground for granting a motion for a new trial under section 303 of the Code of Criminal Procedure.

APPEAL—OBJECTIONS—VALIDITY OF JUDGMENT.—Objections to the validity of the judgment will not be considered on an appeal taken solely from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

This question is one of a jury trial where a verdict was rendered of "guilty with all the extenuating circumstances." The facts upon which the information is based are as follows:

The aforesaid Facundo Abreu Cabán, on the evening of the 16th inst., within the municipal district of Aguadilla, which forms part of this judicial district, and while in the dwelling house and store of Fermín Valentín, had an altercation with Benito Pumarejo, in consequence whereof, in an outburst of passion he drew a knife which he carried in his belt, and with it made a thrust at Pumarejo, stabbing him in the left supraclavicular region, from which wound he died a few moments after. Aforesaid act is contrary to the law in such cases made and provided, and against the peace and dignity of the People of Porto Rico."

No se presentó ningún escrito de excepción en forma en el acto del juicio y el acusado, que es el recurrente, no se ha personado ante este Tribunal por sí ni por medio de Abogado. Pero por medio de su abogado Sr. F. José Ramón Freire, después del veredicto y ántes de la sentencia, solicitó del Tribunal de Mayagüez un nuevo juicio, citando en apoyo de esta pretensión los párrafos 4º., 5º. y 6º. del Artículo 303 del Código de Enjuiciamiento Criminal; pero en modo alguno consta en los autos que el veredicto se obtuviese por suerte, ó por cualquiera otro medio que no fuera una expresión verdadera de la opinón de todos los miembros del Jurado, ni que el Tribunal hubiera informado erróneamente á éste sobre algún punto de derecho, ó se hubiera equivocado en la decisión de alguna cuestión surgida durante la sustanciación del juicio. Esas afirmaciones están destituidas de toda comprobación en los autos, y en tales condiciones no hay términos hábiles para entrar á considerar esos extremos. La forma empleada para negar el nuevo juicio ha sido también conbatida por el defensor, pero si bien es cierto que es deficiente, porque debió contener el fundamento de la negativa, no hay precepto alguno en la ley que obligue á adoptar una forma determinada y por otra parte, ese defecto de ritualidad procesal no sería suficiente para acceder hoy, por ese solo hecho, al nuevo juicio que se solicita, porque esa deficiencia ni ha perjudiciado, ni tiende á perjudicar, al acusado, en cuanto á algún derecho sustancial. Artículo 461 del Código de Enjuiciamiento Criminal. El Fiscal en el acto del juicio preguntó al testigo Fermin Valentin "si ante el Juez de Paz habia declarado que Abreu le habia dicho que él y Pumarejo habian quedado desafiados". La defensa se opuso á esta pregunta, el Juez la admite, y el testigo manifiesta que "así lo declaró" y se consigna en el acta solamente que el abogado toma excepción y sobre esto se llama la atención por el Letrado para robustecer la pretensión de un nuevo juicio, pero esa causa no está comprendida en nin-

No bill of exceptions in due form was filed upon the trial, and the defendant, who is the appellant, has not appeared in this court either in person or through his attorney. But after the verdict and before the sentence, he applied to the Mayagüez court, through his attorney, F. José Ramón Freire, for a new trial, citing in support of his motion paragraphs 4, 5, and 6 of section 303 of the Code of Criminal Procedure. It does not in any manner appear from the record, however, that the verdict was decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors; or that the court had erroneously instructed the jury upon any point of law, or had erred in the decision of any question arising during the course of the trial. The above assertions are not at all borne out by the record, and under these circumstances, there is no reason for entering upon the consideration of these matters. The form employed in denying the new trial has also been attacked by counsel; but although it is true that it is deficient, for it should have contained the grounds for the refusal, there is no provision in the law which compels the adoption of a particular form; and on the other hand, such a defect in the formalities of procedure would not be sufficient to warrant, for this sole reason, the granting at the present time of the new trial applied for, inasmuch as said deficiency has neither prejudiced, nor tended to prejudice the defendant, in respect to a substantial right. (Section 461 of the Code of Criminal Procedure.) In the course of the trial the *Fiscal* asked the witness Fermín Valentín whether he had testified before the justice of the peace that Abreu had told him that he and Pumarejo had challenged each other to fight. The defense objected to the question, which being admitted by the court, the witness replied that he had so testified, and in the record it is stated merely that counsel had taken an exception, and he calls attention thereto for the purpose of strenghtening his motion for a new trial, but this case does not come within any of those

guna de las que expresa el Artículo 303 del Código de En-
juiciamiento Criminal. En cuanto á que el veredicto fué
contrario á derecho ó á las pruebas, á que se refiere el
párrafo 6º. del Artículo 303 del Código de Enjuiciamiento
Criminal, que es el principal argumento aducido por la de-
fensa, hay que tener en cuenta que se trata de un delito de
homicidio, castigado según el Artículo 204 del Código Penal;
y al declarar el veredicto culpable al acusado, hay que su-
poner que el Jurado no encontró justificado el homicidio,
porque las circunstancias concurrentes no fueron bastantes
para excitar el temor de una persona razonable, ni considera-
ron que Facundo Abreu y Caban obrase solamente bajo la
influencia de dicho temor, según así se prescribe en el Artí-
culo 210 del Código Penal; y quizás juzgó que la muerte de
Pumarejo fué á consecuencia de un desafio que tuvo con
Abreu, según la declaratoria de Fermin Valentin, que es el
principal testigo de cargo. Pero si se entiende que la pena
es excesiva puesto que el veredicto recomendó todas las cir-
cunstancias atenuantes, esto sería impugnar la sentencia, que
es donde se contiene el castigo para el culpable; pero contra
ella no se ha interpuesto recurso de apelación. No hay por
tanto razón que justifíque la celebración de un nuevo juicio
y es de opinión el Ponente que debe desestimarse la solicitud
y confirmar la resolución del Tribunal de Mayagüez, de 3 de
Octubre del año anterior, que negó tal pretensión.

*Confirmada.*

Jueces concurrentes, Sres. Presidente Quiñones, y Aso-
ciados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en
la vista de este caso.

mentioned in section 303 of the Code of Criminal Procedure. As to the verdict being contrary to law and evidence, under paragraph 6 of said section 303, which is the chief argument advanced by the defense, account must be had of the fact that we have to deal with the crime of manslaughter, punishable under section 204 of the Penal Code; and when the verdict declares the defendant guilty, it is to be supposed that the jury did not find that the homicide was justified, inasmuch as the attending circumstances were not sufficient to excite the fears of a reasonable person, nor did they consider that Facundo Abreu Cabán had acted under the influence of such fears alone, as prescribed by section 210 of the Penal Code; and perhaps they judged that the death of Pumarejo resulted from a challenge between him and Abreu, according to the testimony of Fermín Valentín, the principal witness for the prosecution. But if the penalty is considered excessive, because the verdict recommended that all the extenuating circumstances be taken into account, this would amount to an attack upon the judgment in which the punishment of the guilty party is fixed. From this judgment, however, no appeal has been taken. There is no reason, therefore, that would warrant a new trial, and it is the opinion of the *Ponente* that the application should be denied and that the decision of the Mayagüez court, of October 3, 1903, overruling said application, be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.